UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                                        Case No: 04-80335
                                                                    Honorable Victoria A. Roberts

D-1    REGINALD DANCY,

    Defendant.
_____/

## OPINION AND ORDER

**I.    INTRODUCTION**

This matter is before the Court on Defendant Reginald Dancy's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence. Defendant's motion is **DENIED**.

**II.    BACKGROUND**

In May 2005, Defendant pled guilty to charges in two separate indictments. First, on May 24, 2005, Defendant pled guilty before the Honorable Nancy G. Edmunds to a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. §848. *United States v Dancy,* U.S. District Court for Eastern District of Michigan, Case no. 03-80981. In his Rule 11 Plea Agreement, Defendant stipulated that he and seven co-conspirators distributed cocaine from various sources to others in Michigan, Alabama, and Georgia from 1990 to 2003. Defendant also stipulated that he and one other co-conspirator were the organizers and supervisors of the operation.

1

On May 31, 2005, Defendant pled guilty before this Court to conspiracy to distribute marijuana, in violation of 18 U.S.C. §§841(a)(1) and 846 (Count I), and conspiracy to launder monetary instruments in violation of 18 U.S.C. §§1956(a)(1)(A)(i); 1956(a)(1)(B)(i); 1956(h) (Count 6). In his Rule 11 Plea Agreement for those charges, Defendant stipulated that from January 1, 1999 through April 13, 2004, he knowingly and intentionally agreed with others to distribute over 10,000 kilograms of marijuana. In furtherance of the agreement, Defendant said he obtained the drugs from Arizona and elsewhere and transported them to Detroit, Michigan where they were distributed and sold. Additionally, Defendant admitted that he "knowingly and intentionally agreed with others to conduct financial transactions involving money that he knew was the proceeds of unlawful marijuana drug trafficking activity, with the intention of further promoting that unlawful activity, and concealing the nature, source and ownership of the proceeds from the government." Rule 11 at p. 6. He also admitted he used the proceeds to purchase additional quantities of marijuana. Of the seven co-defendants named in the action before this Court, only one (Rory D. Jones) was also named in the action before Judge Edmunds.

On October 11, 2005, Judge Edmunds sentenced Defendant to 240 months imprisonment. On January 4, 2006, this Court sentenced Defendant to 262 months imprisonment. This Court's sentence, pursuant to the Rule 11 Plea Agreement, runs concurrently with case number 03-80981.

Defendant appealed this Court's sentence to the Sixth Circuit. The appeal was dismissed on August 3, 2006. The judgment of conviction became final on November 3, 2006, when the 90-day period for Defendant to appeal the Sixth Circuit decision to the

United States Supreme Court lapsed. See *United States v Sanchez-Castellano*, 358 F.3d 424, 426 (6th Cir. 2004).

Defendant now asks this Court to vacate or set aside his conviction in this Court due to ineffective assistance of counsel. Specifically, Defendant argues that his attorney erred by: 1) allowing Defendant to enter a guilty plea to the conspiracy charges although the Court violated FRCrP 11(b)(1)(G) by failing to inform him of the essential elements of each offense, and 2) allowing Defendant to enter a guilty plea to Count I (conspiracy to distribute marijuana) although it is a lesser included offense of the CCE charge to which he had already pled. Defendant requests an evidentiary hearing to establish facts which support his claim.

### III. APPLICABLE LAW AND ANALYSIS

To sustain a claim for ineffective assistance of counsel, Defendant must prove that his attorney's performance was deficient and that he was prejudiced by the deficiency. *Mason v Mitchell,* 320 F.3d 604, 616 (6th Cir 2003)(*citing Strickland v Washington*, 466 U.S. 668, 687 (1984)). An attorney's performance is deficient if it falls below an objective standard of reasonableness. *Id*. However, "[t]he objective standard of reasonableness is a highly deferential one and includes 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id* at 616-617 (*quoting Strickland*, 466 U.S. at 689). To prove prejudice, Defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Defendant failed to carry his burden with respect to either claim of error

because he failed to establish that his attorney's performance was deficient.

### A. FRCrP 11(b)(1)

Under FRCrP 11(b)(1)(G), the district court must when accepting a guilty plea inquire as to whether the defendant understands the nature of the charge to which he is pleading guilty. Because the Court did not state the elements of each offense during the plea colloquy, Defendant contends the Court did not fulfill its obligation under FRCrP11(b)(1)(G). There is no merit to this claim.

"[A] determination of defendant's understanding involves consideration of the nature of the charge and the dialogue that took place between the defendant and the Court during the Rule 11 proceeding." *United States v Van Buren*, 804 F.2d 888, 891 (6th Cir. 1986). "The 'district court must be satisfied, after discussion with the defendant in open court, that the defendant understands the elements of the offense.'" *United States v LaLonde*, 509 F.3d 750, 760 (6th Cir. 2007)(*quoting United States v McCreary-Redd*, 475 F.3d 718, 723 (6th Cir. 2007)). "At a minimum, the defendant must understand the 'critical' or 'essential' elements of the offense to which he or she pleads guilty." *United States v Valdez,* 362 F.3d 903, 909 (6th Cir. 2004).

A less probing inquiry of the Defendant's understanding is required for simple charges. *United States v Syal*, 963 F.2d 900, 904-905 (6th Cir. 1992). For instance, in *United States v Edgecomb*, 910 F.2d 1309, 1313 (6th Cir. 1990), where the Sixth Circuit found that the defendants' drug related conspiracy charges were "simple enough for a lay person to understand," it held that FRCrP 11(b)(1)(G) was satisfied because the district court recited the count in the indictment, asked defendants if they understood the charges and discussed them with their attorneys, and the government read the facts

4

underlying the charges. For more complex charges, further explanation is required. *Syal*, 963 F.2d at 904-905.

Here, the elements of each count were listed in the Rule 11 and it included a detailed stipulation of the facts underlying each charge. *See* Rule 11 Plea Agreement at pp. 5-7. When questioned by the Court, Defendant acknowledged that he read and reviewed the agreement with counsel, and he gave an abbreviated recitation of the factual basis of the charges. Plea Tr. at pp. 8-9, 21-22.

Defendant has not established that either charge was so complex that more was required. The Court's inquiry into whether Defendant read and reviewed the Rule 11 with counsel and his own statement of the facts underlying each charge was sufficient to ensure Defendant was aware of the nature of the charges against him. Therefore, Defendant's claim fails on the first prong of the *Strickland* analysis; he has not shown that his attorney's performance was deficient.

### B. Double Jeopardy

Defendant contends that his convictions for CCE and conspiracy to distribute marijuana violate the Double Jeopardy Clause of the Fifth Amendment because he is being punished twice for one offense. That is, Defendant says it is apparent from the face of the Indictment that the conduct underlying the marijuana charge overlaps with and is part of the conduct underlying the CCE charge. There is no factual basis for Defendant's claim.

The Double Jeopardy Clause, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb," and precludes successive prosecutions for the same offense. U.S. Const., Amend V; *Murr v United States*, 200

5

F.3d 895, 900 (6th Cir. 2000).   Because all of the elements of a conspiracy charge (21 U.S.C. §846) are subsumed in the elements of a CCE charge (21 U.S.C. §848), the Supreme Court held that conspiracy is a lesser included offense of CCE and conviction under both statutes may constitute impermissible cumulative or multiple punishment in violation of the Double Jeopardy clause.  *See Rutledge v United States*, 517 U.S. 292, 300-302 (1996); *United States v Avery*, 128 F.3d 966, 971-972 (6th Cir. 1997).

But, there is no double jeopardy violation, when the respective charges are based upon independent conspiracies.  For example, in *United States v Evans*, 951 F.2d 729 (6th Cir. 1991), the Court found no double jeopardy violation when defendant was convicted of CCE and conspiracy based on his involvement in two separate drug conspiracies.  In the "Garret conspiracy," defendant financed the importation of marijuana in a drug operation headed by another individual and he was convicted of multiple counts of conspiracy.  Shortly thereafter, defendant was convicted of CCE for independently orchestrating another operation, the "Evans conspiracy," to import and distribute marijuana and cocaine.  Although the timeframe of the conspiracies overlapped and twelve co-conspirators worked within both, the court found that a number of distinctions between the two established that they never merged as a single conspiracy:

> One was headed by defendant Evans, and the other was headed by Randall Garrett; one focused on the importation of cocaine, and the other involved the importation of marijuana; and although there was an overlap of personnel, a majority of the people involved with Mr. Evans apparently were not involved with Mr. Garrett. There was also evidence that Evans played no supervisory or organizational role in the illegal activities directed by Garrett; that Garrett exercised no control over the people involved in the activities directed by Evans; and that for the most part, at least, as the district court found, "the

sources of supply as between the two conspiracies were not similar."
951 F.2d at 739 (concurring).

The stipulated facts in Defendant's Rule 11 Plea Agreement in this and his prior case (Case no. 03-80981) establish that Defendant's CCE and conspiracy to distribute marijuana charges are based upon separate conspiracies. That is: 1) the conspiracies involved different drugs; distribution of cocaine in 03-80981 and marijuana in this case; 2) the CCE cocaine conspiracy covered a larger geographical area; it was distributed between three states, whereas marijuana was only distributed in Detroit; and 3) with the exception of Defendant and one other individual out of at least fourteen, there were different participants in each operation.

While the timeframe of the respective conspiracies overlapped and Defendant participated in both, there is nothing which indicates the schemes merged into a single operation. Therefore, there is no basis for the Court to find that the marijuana conspiracy was part of the cocaine conspiracy upon which Defendant's CCE conviction is based. Consequently, Defendant has not established that his attorney's performance was deficient with respect to his plea to Count I.

## IV.  CONCLUSION

Defendant's motion is **DENIED**.

**IT IS ORDERED.**

                                                  S/Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Judge

Dated:  April 29, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se defendant by electronic means or U.S. Mail on April 29, 2008.

s/Carol A. Pinegar
Deputy Clerk