UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD DANCY,

        Petitioner,        CASE NUMBER: 04-80335
                                    HONORABLE VICTORIA A. ROBERTS
v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR CERTIFICATE OF APPEALABILITY**

**I.    INTRODUCTION**

Before the Court is Petitioner's *pro se* Petition For Issuance Of Certificate Of Appealability ("COA"). For the following reasons, the Court **GRANTS the petition in part and DENIES it in part**.

**II.    BACKGROUND**

On April 29, 2008, the Court entered its Order denying Petitioner's 28 U.S.C. § 2255 motion to vacate. He now seeks a COA under 28 U.S.C. § 2253 and FED. R. APP. P. 22(b).

Petitioner's previous motion alleged one of his two attorneys provided ineffective assistance of counsel by: (1) allowing Petitioner to plead to a lesser included offense without objection; and (2) failing to object to the Court's alleged violation of FED. R. CRIM. P. 11(b). The Government contends that neither Sixth Amendment claim

1

has merit.  The Court denied both claims without a hearing, and Petitioner seeks leave to appeal.  Thus, Petitioner's related claim is that the Court abused its discretion in failing to hold an evidentiary hearing.

## III. STANDARD OF REVIEW

The Petitioner may only appeal if he makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "A claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

In the Sixth Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether to grant a COA.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam); *Settles v. Lafler*, No. 06-10496, 2008 U.S. Dist. LEXIS 22675, at *4 (E.D. Mich. Mar. 24, 2008).  Because it is not clear whether Petitioner limits his *pro se* Petition to his attorney's failure to object to an alleged double jeopardy violation, the Court assumes he also requests a COA on the failure to object to the alleged Rule 11 violation.  *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).

## IV. ANALYSIS

### A. Ineffective Assistance of Counsel & Double Jeopardy

1.  **Hearing**

When reviewing a § 2255 motion in which a factual dispute arises, "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999); *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). "[T]he burden on the petitioner in a habeas case for establishing an entitlement to an evidentiary hearing is relatively light." *Turner*, 183 F.3d at 477; *Valentine*, 488 F.3d at 333. Although more is required than mere assertions of innocence, "[a]n evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (internal quotations omitted); *Valentine*, 488 F.3d at 333. In contrast, "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo*, 178 F.3d at 782 (internal quotations omitted); *Valentine*, 488 F.3d at 333.

Petitioner implies that his counsel failed to object to the plea for a potential lesser-included offense, not because of a strategic decision, but because of carelessness. He argues there is no indication counsel made a strategic decision. The Government did not submit an affidavit or other evidence supporting a finding that Petitioner's counsel strategically allowed his client to plead to a potential lesser-included offense.

Reasonable jurists could debate whether Petitioner was entitled to an evidentiary hearing on this claim. He may appeal the Court's denial of an evidentiary hearing.

**2. Merits**

The Court denied the § 2255 motion to vacate for ineffective assistance of counsel because it decided the conduct related to the continuing criminal enterprise cocaine charge and the marijuana conspiracy constituted separate conspiracies, and, therefore, counsel's decision to allow Petitioner to plead could not constitute ineffective assistance of counsel. *United States v. Evans*, 951 F.2d 729, 739 (6th Cir. 1991) (Nelson, J., concurring); *United States v. Dancy*, No. 04-80335, 2008 U.S. Dist. LEXIS 34813, at *6-7 (E.D. Mich. Apr. 29, 2008) (Roberts, J.).

Reasonable jurists could debate whether the conspiracy charge was a lesser-included offense. The inquiry is fact intensive and requires consideration of multiple factors. The Court also relied on *Evans*, a decision reasonable jurists could debate is distinguishable.

However, for the very reason that the status of the conspiracy charge as a lesser included offense is debatable, the Court denies the Petition on the substantive claim. The objective standard of reasonableness is highly deferential and includes "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Mason v. Mitchell*, 320 F.3d 604, 616-617 (6th Cir. 2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Petitioner failed to establish that counsel did not make a strategic choice between these two possibilities.

Given the debatable classification of the conspiracy offense, counsel's actions were objectively reasonable. Faced with the possibility that the Court might find the marijuana conspiracy was not a lesser included offense, counsel allowed Petitioner to

4

plead to an offense that *might* be a lesser-included offense. As the Government points out, Petitioner's plea agreement ensured that the two charges would not run consecutively. Had counsel argued the marijuana conspiracy was a lesser-included offense, and lost this argument, Petitioner would likely not have had the benefit of a Rule 11 on the second charge, and would have run a substantial risk of a consecutive sentence.

## B. Failure to Object Under FED. R. CRIM. P. 11(b)(1)

### 1. Hearing

The Court denies leave to appeal its denial of an evidentiary hearing on this claim. The resolution of this claim did not turn on any contested facts, and can only be determined by review of the plea transcript. Any error on the part of counsel to object to a violation of Rule 11(b)(1) cannot be attributed to trail strategy, because it could not have benefitted Petitioner.

### 2. Merits

Petitioner contends that his counsel provided ineffective assistance of counsel, and is entitled to relief under § 2255, because counsel failed to object to the Court's alleged failure to comply with FED. R. CRIM. P. 11(b)(1)(G):

> Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading . . . .

5

The Court denied this claim because: (1) the elements of each count were listed in the Rule 11, which included a detailed stipulation of facts underlying each charge; (2) at his plea hearing Petitioner acknowledged that he read and reviewed the agreement with counsel; (3) at his plea hearing Petitioner gave an abbreviated recitation of the factual basis of the charges; and (4) Petitioner did not establish more was required under Sixth Circuit precedent.

The Court's ruling on this matter, which involves individualized consideration of the type and complexity of the charge, and close review of the transcript, is one that reasonable jurists could debate. *See United States v. Syal*, 963 F.2d 900, 904-905 (6th Cir. 1992); *United States v. Lalonde*, 509 F.3d 750, 760-761 (6th Cir. 2007).

## V. CONCLUSION

The Court **GRANTS in part and DENIES in part** the Petition. The Court **GRANTS** Petitioner a COA on the Court's: (1) denial of an evidentiary hearing on his claim of ineffective assistance of counsel in relation to his plea to a possible lesser included offense; and (2) denial of his claim of ineffective assistance of counsel for failure to object to an alleged Rule 11 violation. The Court **DENIES** the Petitioner a COA on the Court's denial of an evidentiary hearing on his claim of ineffective assistance of counsel for failure to object to an alleged Rule 11 violation; and (2) his claim of ineffective assistance of counsel in relation to his plea to a possible lesser included offense.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 25, 2008

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Reginald Dancy by electronic means or U.S. Mail on June 25, 2008.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |